IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARYL JEROME GORDON,<br>    *Plaintiff*,<br><br>v.<br><br>TEXAS OFFICE OF THE ATTORNEY<br>GENERAL CHILD SUPPORT DIVISION,<br>    *Defendant*. | §<br>§<br>§<br>§<br>§<br>§   Civil Action No. 3:23−cv−02088−L−BK<br>§<br>§<br>§ |

# BRIEF IN SUPPORT OF THE OFFICE OF THE TEXAS ATTORNEY GENERAL'S MOTION TO DISMISS

TO THE HONORABLE SAM A. LINDSAY:

NOW COMES Defendant Office of the Texas Attorney General ("OAG"), and files this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (5), and (6).

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... ii
TABLE OF AUTHORITIES .................................................................................................... iii
III.   INTRODUCTION ........................................................................................................ 1
IV.   STANDARD OF REVIEW ........................................................................................... 1
V.    ARGUMENT AND AUTHORITIES ........................................................................... 3
   A.   Plaintiff's Claims Must be Dismissed because Plaintiff Failed to Sufficiently Serve Process on the OAG. ........................................................................................... 3
   B.   Plaintiff's Claims Must be Dismissed Because They Are Barred by the Eleventh Amendment. ........................................................................................................ 3
      1.   The OAG Is Entitled to Sovereign Immunity. .............................................. 4
      2.   Plaintiff's Claims Are Barred by Sovereign Immunity. ................................ 4
   C.   Plaintiff's Claims Must Be Dismissed Because They Are Barred by the *Younger* Abstention Doctrine. ........................................................................................... 5
   D.   Plaintiff's Claims Must be Dismissed Because They Are Barred by the *Rooker- Feldman* Doctrine. ........................................................................................................ 6
   E.   Plaintiff's Claims Must Be Dismissed Because Plaintiff Fails to State Any Claims upon Which Relief May Be Granted. .............................................................................. 7
      1.   No Facts Are Alleged from Which This Court Could Infer Liability on the OAG. ...... 8
      2.   42 U.S.C. § 1983 Is Inapplicable to the OAG. ............................................ 8
      3.   28 U.S. Code §§ 454, 455 and 1691 Do Not Apply to the Facts. ................ 8
      4.   Plaintiff's Allegation of Intentional Infliction of Emotional Distress Is Conclusory and Inadequate. .................................................................................................. 9
      5.   The Remaining Statutes Cited by Plaintiff Do Not Provide Private Rights of Action. 9
VI.   CONCLUSION ............................................................................................................ 10
CERTIFICATE OF SERVICE ................................................................................................ 11

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................. 2, 3, 8

*AT&T Commc'ns v. Bellsouth Telecomms. Inc.*, 238 F.3d 636 (5th Cir. 2001) ............................ 4

*Baldwin v. Univ. of Tex. Med. Branch at Galveston*, 945 F. Supp. 1022, (S.D. Tex. 1996),
    *aff'd*, 122 F.3d 1066 (5th Cir. 1997) ........................................................................................ 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................... 2, 3, 8, 9

*Birl v. Estelle*, 660 F.2d 592 (5th Cir. 1981) ................................................................................. 2

*Blessing v. Freestone*, 520 U.S. 329 (1997). ............................................................................... 10

*Bond v. United States*, 572 U.S. 844 (2014) ................................................................................. 4

*Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164 (1994) .......... 9

*City of Austin v. Paxton*, 943 F.3d 993 (5th Cir. 2019) ................................................................. 4

*Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736 (N.D. Tex. 2013) ..................................... 2

*Delaney v. Dist. of Columbia*, 659 F. Supp. 2d 185 (D.D.C. 2009) .............................................. 6

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) .................................... 7

*Eddins v. Excelsior Indep. Sch. Dist.*, 88 F. Supp. 2d 683 (E.D. Tex. 2000) ................................ 8

*Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280 (2005) ................................................... 7

*Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, (5th Cir. 1993) ...................................... 3

*Fox v. Mississippi*, 551 F. App'x 772 (5th Cir. 2014) ................................................................ 4, 5

*Gipson v. Callahan*, 18 F. Supp. 2d 662 (W.D. Tex. 1997) .......................................................... 9

*Google, Inc. v. Hood*, 822 F.3d 212 (5th Cir. 2016). .................................................................... 6

*Home Builders Assoc. of Mississippi, Inc. v. City of Madison,* 143 F.3d 1006 (5th Cir. 1998) ..... 2

*Howlett v. Rose*, 496 U.S. 356 (1990) ........................................................................................... 5

*Kovac v. Wray*, 449 F. Supp. 3d 649 (N.D. Tex. 2020) ................................................................ 2

*Lundeen v. Mineta*, 291 F.3d 300 (5th Cir. 2002) ........................................................................ 4

*Marlett v. Heath*, No. 3:18-CV-2812-M-BN, 2018 WL 5723163 (N.D. Tex. Oct. 23, 2018),
    report and recommendation adopted, No. 3:18-CV-2812-M, 2018 WL 5717431 (N.D.
    Tex. Oct. 31, 2018) ................................................................................................................... 6

*Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507 (5th Cir.1980) ............................................... 2

*Meyers ex rel. Benzing v. Texas*, 410 F.3d 236 (5th Cir. 2005) .................................................... 3

*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, (1982). ...................... 5

*Moore v. Sims*, 442 U.S. 415 (1979) ............................................................................................. 6

*Norris v. Hearst Trust*, 500 F.3d 454 (5th. Cir. 2007) .................................................................. 2

*Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89 (1984) .................................................. 4

*Pierre v. Guidry*, 75 Fed. App'x 300 (5th Cir. 2003) ........................................................................ 9

*Plotkin v. IP Axess Inc.*, 407 F.3d 690 (5th Cir. 2005) ..................................................................... 3

*Quern v. Jordan*, 440 U.S. 332 (1979) ............................................................................................. 5

*Quinn v. Miller*, 470 F. App'x. 321 (5th Cir. 2012) ......................................................................... 2

*Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001) ................................................................ 2

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) ........................................................................... 7

*U.S. Nat. Bank of Oregon v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439 (1993) ..................... 10

*United States v. Shepherd*, 23 F.3d 923 (5th Cir. 1994) .................................................................. 7

*Walker v. Texas, Off. of Atty. Gen.*, 217 F. Supp. 2d 776 (E.D. Tex. 2002) .................................... 4

*Watson v. Texas*, 261 F.3d 436 (5th Cir. 2001) ............................................................................... 3

*Weaver v. Tex. Capital Bank, N.A.*, 660 F.3d 900 (5th Cir. 2011) (per curiam) ............................. 7

*Wightman v. Tex. Supreme Ct.*, 84 F.3d 188 (5th Cir. 1996) ........................................................... 6

*Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) .................................................................. 8

*Younger v. Harris*, 401 U.S. 37 (1971) ............................................................................................ 5

**Statutes**

18 U.S.C. § 241 .................................................................................................................................. 9

18 U.S.C. § 242 .................................................................................................................................. 9

18 U.S.C. § 286 .................................................................................................................................. 9

18 U.S.C. § 287 .................................................................................................................................. 9

18 U.S.C. §505 ................................................................................................................................... 9

18 U.S.C. § 1961 ................................................................................................................................ 9

22 U.S.C. § 7102(11)(B) .................................................................................................................... 9

28 U.S.C. § 454 .................................................................................................................................. 9

28 U.S.C. § 455 .................................................................................................................................. 9

28 U.S.C. § 1691 ................................................................................................................................ 9

42 U.S.C. § 1983 ............................................................................................................................ 5, 8

Tex. Const. art. IV, § 1 ...................................................................................................................... 4

Tex. Const. art. IV, § 22 .................................................................................................................... 4

U.S. Const. amend. XI. ......................................................................................................... 1, 3, 4, 5

**Rules**

45 C.F.R. § 303.107(f) ..................................................................................................................... 10

Fed. R. Civ. P. 4 ............................................................................................................................ 2, 3

FED. R. CIV. P. 4(c)(2) ................................................................................................................ 3

FED. R. CIV. P. 4(e)(1)(C) ........................................................................................................... 3

FED. R. CIV. P. 12(b)(1) ............................................................................................... 1, 2, 5, 7, 8

FED. R. CIV. P. 12(b)(5) ...................................................................................................... 1, 2, 3

FED. R. CIV. P. 12(b)(6) ............................................................................................. 1, 2, 3, 8, 9, 10

### III.  INTRODUCTION

Plaintiff Daryl Jerome Gordon ("Plaintiff") filed his Amended Complaint naming the OAG as defendant. (Doc. 20, p. 1). Generally citing the U.S. Constitution and other federal laws, Plaintiff states that all liens on his child support account must be removed. (Doc. 20, p. 25). Plaintiff's relief sought also includes the termination of his child support case; "reimbursement for all years of wage garnishment"; and "treble damages for time spent defending frivolous case and emotional distress." (Doc. 20, p. 25).

Plaintiff's claims against the OAG must be dismissed because:

1. Plaintiff's attempted service of process upon the OAG was insufficient;

2. Plaintiff's claims are barred by sovereign immunity, pursuant to the Eleventh Amendment to the U.S. Constitution;

3. Plaintiff's claims are barred by the *Rooker-Feldman* doctrine;

4. Alternatively, Plaintiff's claims are barred by the *Younger* abstention doctrine; and

5. Plaintiff's claims are barred because he fails to state any claims upon which relief may be granted.

### IV. STANDARD OF REVIEW

A complaint must be dismissed if the court lacks subject matter jurisdiction over the plaintiff's claim, FED. R. CIV. P. 12(b)(1), if the plaintiff's service of process was insufficient, FED. R. CIV. P. 12(b)(5), or if the plaintiff fails to state a claim upon which relief may be granted, FED. R. CIV. P. 12(b)(6).

On a Rule 12(b)(1) motion to dismiss, the plaintiff must prove the existence of subject matter jurisdiction by a preponderance of the evidence. *Kovac v. Wray*, 449 F. Supp. 3d 649, 653 (N.D. Tex. 2020); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing

*Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980) ("[T]he plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.").

Rule 12(b)(5) permits a challenge to the method of service attempted by the plaintiff. *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013). For service to be effective, a plaintiff is expected to comply with the mandates of Federal Rule of Civil Procedure 4. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (finding that pro se litigants are not exempt from compliance with the rules of service). "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Quinn v. Miller*, 470 F. App'x. 321, 323 (5th Cir. 2012).

A motion to dismiss pursuant to Rule 12(b)(6) is analyzed under the same standard as under Rule 12(b)(1). *See Home Builders Assoc. of Mississippi, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "a formulaic recitation of the elements of a cause of action will not do.' " *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th. Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice it if tenders 'naked assertion[s] devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc*., 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the

framework of a complaint, they must be supported by factual allegations"). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice" to save a complaint from dismissal. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

## V.  ARGUMENT AND AUTHORITIES

**A.    Plaintiff's Claims Must be Dismissed because Plaintiff Failed to Sufficiently Serve Process on the OAG.**

To satisfy sufficient service of process, a plaintiff's summons and complaint must be served by a non-party to the defendant or upon an authorized agent of the defendant. FED. R. CIV. P. 4(c)(2), 4(e)(1)(C). Plaintiff failed to sufficiently serve process on the OAG for two reasons. *See* Def.'s Ex. A. First, Plaintiff—a party to the case—personally served the summons and complaint, violating Rule 4(c)(2). *Id.* at p. 1. Second, Plaintiff served the summons and complaint upon an person who was not authorized to accept service on behalf of the OAG. *Id.* Therefore, Plaintiff's claims against the OAG should be dismissed. FED. R. CIV. P. 12(b)(5).

**B.    Plaintiff's Claims Must be Dismissed Because They Are Barred by the Eleventh Amendment.**

"Eleventh Amendment immunity is jurisdictional in character." *Watson v. Texas*, 261 F.3d 436, 440 n.5 (5th Cir. 2001). Eleventh Amendment immunity and state sovereign immunity are one and the same. *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 251 (5th Cir. 2005). This brief will use the terms interchangeably. Under the Eleventh Amendment to the U.S. Constitution, federal courts of jurisdiction are prohibited from hearing suits against the State of Texas, its agencies, or its departments unless sovereign immunity is expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100–01 (1984). *See also City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019), citing *AT&T Commc'ns v. Bellsouth Telecomms. Inc.*, 238 F.3d 636,

644–45 (5th Cir. 2001) ("[U]nless the state has waived sovereign immunity or Congress has expressly abrogated it, the Eleventh Amendment bars the suit."). Courts presume that federal statutes do not abrogate sovereign immunity. *Bond v. United States*, 572 U.S. 844, 858 (2014).

### 1. The OAG Is Entitled to Sovereign Immunity.

The Attorney General of Texas is a member of the Executive Department of the government of the State of Texas. *See* TEX. CONST. art. IV, § 1. Similarly, "[t]he Office of the Attorney General is an arm of the state entitled to sovereign immunity." *Walker v. Texas, Off. of Atty. Gen.*, 217 F. Supp. 2d 776, 779 (E.D. Tex. 2002), citing TEX. CONST. art. IV, § 22. As such, the OAG is immune from suit unless sovereign immunity has been waived. *Pennhurst*, 465 U.S. at 100–01.

### 2. Plaintiff's Claims Are Barred by Sovereign Immunity.

Plaintiff bears the burden of proof in finding and proving a waiver of sovereign immunity. *See Lundeen v. Mineta*, 291 F.3d 300, 304 (5th Cir. 2002). In the case at hand, Plaintiff has not demonstrated that the State of Texas consented to suit or that Congress abrogated the OAG's sovereign immunity with respect to any claims asserted against the OAG. *Pennhurst*, 465 U.S. at 99. Thus, to the extent that Plaintiff intended to assert the claims in his lawsuit against the OAG, those claims would be barred as a matter of law.

Notably, federal courts have repeatedly held that federal constitutional claims are barred by the Eleventh Amendment. *See, e.g., Fox v. Mississippi*, 551 F. App'x 772, 774–75 (5th Cir. 2014) (per curiam) (holding, *inter alia*, that the Eleventh Amendment barred claims under §§ 1983 and 1985 against the state, the district that was the agency of the state, and individuals sued in their official capacities); *Howlett v. Rose*, 496 U.S. 356, 364 (1990) ("the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under

1983; *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (holding that 42 U.S.C. § 1983 does not override states' Eleventh Amendment immunity). "Congress did not abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. §§ 1981, 1983, and 1985." *Baldwin v. Univ. of Tex. Med. Branch at Galveston*, 945 F. Supp. 1022, 1030 (S.D. Tex. 1996), *aff'd*, 122 F.3d 1066 (5th Cir. 1997).

Because this suit and Plaintiff's claims are barred by sovereign immunity, this Court lacks subject matter jurisdiction over this case against the OAG. Therefore, the OAG is entitled to dismissal of those claims. FED. R. CIV. P. 12(b)(1).

C. **Plaintiff's Claims Must Be Dismissed Because They Are Barred by the *Younger* Abstention Doctrine.**

Because Plaintiff's claims involve ongoing state court proceedings, his claims are barred by the *Younger* abstention doctrine and must therefore be dismissed. In *Younger v. Harris*, the Supreme Court required that a federal court abstain from enjoining a pending state criminal proceeding. *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention doctrine also applies to pending state noncriminal proceedings when important state interests are implicated, as is the case here. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

The Fifth Circuit has held that *Younger* requires federal courts to abstain where: (1) the dispute involves an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding is implicated, and (3) the state proceedings afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189 (5th Cir. 1996); *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016).

Plaintiff's claims against the OAG appear to arise directly from an "ongoing state judicial proceeding": his child support case "No: 00013031657." (Doc. 20, p. 324). Plaintiff expressly

5

asks this Court to "terminate" this state court case. (Doc. 20, p. 324). Thus, this case appears to be "ongoing." *See Marlett v. Heath*, No. 3:18-CV-2812-M-BN, 2018 WL 5723163, at *3 (N.D. Tex. Oct. 23, 2018), report and recommendation adopted, No. 3:18-CV-2812-M, 2018 WL 5717431 (N.D. Tex. Oct. 31, 2018) (quoting *Delaney v. Dist. of Columbia*, 659 F. Supp. 2d 185, 194 (D.D.C. 2009) ("[A] party subject to a child support order is a party to an open case that does not terminate until the child support order is finally discharged.").

For the second *Younger* prong, it is unquestioned that Plaintiff's allegations involving his child support case implicate important state interests as a matter of law. *See, e.g., Marlett*, No. 3:18-CV-2812-M-BN, 2018 WL 5723163, at *3 (finding that child support issues are important state interests under *Younger* in Texas).

Finally, as a matter of law, "Texas law is apparently as accommodating as the federal forum .... [A]bstention is appropriate unless state law *clearly bars the interposition of the constitutional claims*." *Moore v. Sims*, 442 U.S. 415, 425–26 (1979) (emphasis added). Plaintiff also has full opportunity to raise his constitutional challenges in the Texas state courts once he exhausts his administrative remedies.

Because the elements of the *Younger* doctrine are met here, this Court should dismiss Plaintiff's claims against the OAG pursuant to FED. R. CIV. P. 12(b)(1).

**D.    Plaintiff's Claims Must be Dismissed Because They Are Barred by the *Rooker-Feldman* Doctrine.**

To the extent that Plaintiff's Complaint might be construed to bring claims regarding a final judgment, rather than an ongoing state court proceeding, the claims must be barred by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine[1] bars a federal court from entertaining collateral attacks on state court judgments. *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994). The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 281 (2005). "If the district court is confronted with issues that are 'inextricably intertwined' with a state judgment, the court is 'in essence being called upon to review the state-court decision,' and the originality of the district court's jurisdiction precludes such a review." *Id*. (citing *Feldman*, 460 U.S. at 482); *see also Weaver v. Tex. Capital Bank, N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (per curiam).

In this case, Plaintiff's claims stem from the judicial decisions and judgments of the 255th District Court regarding his child support account. (Doc. 20). Plaintiff specifically complains about having to comply with court orders that he wishes were not legitimate and asks for relief from past collections of child support ordered against him as well as liens filed against him to make up for failed collections of the same. *Id.* at pp. 307–12. It is clear that Plaintiff's complaints are, at a minimum, "inextricably intertwined" with the state court judgments he seeks to collaterally attack in this lawsuit.

Accordingly, Plaintiffs' claims stemming from the state court judgments and litigation are barred by the *Rooker-Feldman* doctrine. The OAG is entitled to dismissal of Plaintiffs' claims against it, pursuant to FED. R. CIV. P. 12(b)(1).

### E. Plaintiff's Claims Must Be Dismissed Because Plaintiff Fails to State Any Claims upon Which Relief May Be Granted.

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923) (the jurisdiction of the District Court "is strictly original"); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 & 482 (1983) ("a United States District Court has no authority to review final judgments of a state court in judicial proceedings").

7

Plaintiff has not sufficiently pled facts from which this Court could infer liability on the OAG (and thus, grant relief to Plaintiff) for Plaintiff's claims against it. *Iqbal*, 556 U.S. at 678. Accordingly, Plaintiff's claims against the OAG are nonviable and must be dismissed. FED. R. CIV. P. 12(b)(6).

### 1. No Facts Are Alleged from Which This Court Could Infer Liability on the OAG.

Plaintiff's Complaint consists of a litany of baseless claims. (Doc. 20, pp. 18–24). Plaintiff alleges no specific facts from which this Court could infer liability on the part of the OAG under any legal theory; instead, he merely concludes that the OAG has violated laws without explaining why or how it has done so. Thus, Plaintiff's Complaint states only "naked assertion[s] devoid of 'further factual enhancement' " and must be dismissed under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

### 2. 42 U.S.C. § 1983 Is Inapplicable to the OAG.

To the extent that Plaintiff brings federal constitutional claims under 42 U.S.C. § 1983, the OAG cannot be sued under the statute because the OAG does not qualify as a "person" under the meaning of that statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Eddins v. Excelsior Indep. Sch. Dist.*, 88 F. Supp. 2d 683, 688 (E.D. Tex. 2000). Because Plaintiff fails to state federal constitutional claims against the OAG for which relief may be granted, the OAG is entitled to dismissal of these claims. FED. R. CIV. P. 12(b)(6).

### 3. 28 U.S. Code §§ 454, 455 and 1691 Do Not Apply to the Facts.

Plaintiff's claim brought under §§ 28 U.S.C. 454, 455, and 1691 govern the actions of entities not implicated in Plaintiff's Complaint—specifically, federal judges. Because the OAG is not an entity governed by these statutes, Plaintiff's claims based on these statutes are not viable

against the OAG and must be dismissed under Rule 12(b)(6).

### 4. Plaintiff's Allegation of Intentional Infliction of Emotional Distress Is Conclusory and Inadequate.

Plaintiff's allegation of intentional infliction of emotional distress is purely conclusory and is inadequate "to raise a right to relief above the speculative level" with respect to the OAG. *Twombly*, 550 U.S. at 555 (internal citations omitted). Consequently, this claim must be dismissed, pursuant to FED. R. CIV. P. 12(b)(6).

### 5. The Remaining Statutes Cited by Plaintiff Do Not Provide Private Rights of Action.

Plaintiff's claim brought under § 28 U.S.C. 454 is not viable against the OAG and therefore must be dismissed under Rule 12(b)(6) because "[t]he statute does not create a private right of action." *Gipson v. Callahan*, 18 F. Supp. 2d 662, 668 (W.D. Tex. 1997).

Plaintiff's claim brought under 22 U.S.C. § 7102(11)(B) is not viable and must be dismissed under Rule 12(b)(6) because the provision cited does not present any cause of action upon which relief may be granted; rather, it merely defines a term.

Plaintiff's claims brought under 18 U.S.C. §§ 241, 242, 286, 287, 505, and 1961 must be dismissed under Rule 12(b)(6) because "there is no private cause of action under a federal criminal statute." *Pierre v. Guidry*, 75 Fed. App'x 300, 300 (5th Cir. 2003); *see also Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (holding that courts cannot infer private causes of action from "criminal prohibition[s] alone.").

Plaintiff's claim brought under 45 C.F.R. § 303.107(f) must be dismissed under Rule 12(b)(6) because Title IV-D does not give individuals the federal right to force state agencies to substantially comply with Title IV-D's provisions.[2] *Blessing v. Freestone*, 520 U.S. 329, 341–44

---

[2] Plaintiff alternatively argues that the Title IV-D program itself is illegitimate and thus is unauthorized to administer his child support case because the program has not been enacted into positive law. (Doc. 20, pp. 305–06). The

9

(1997).

For the reasons stated above, this case must be dismissed under Rule 12(b)(6).

## VI.  CONCLUSION

This Court should dismiss Plaintiff's claims against the OAG. Numerous jurisdictional and procedural barriers prohibit Plaintiff's suit, and Plaintiff failed to state a claim on which relief may be granted against the OAG.

WHEREFORE, the OAG prays that Plaintiff takes nothing by his suit against it.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Division Chief, General Litigation Division

/s/ Rachel L. Behrendt
**RACHEL L. BEHRENDT**
Texas Bar No. 24130871
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4112
Facsimile: (512) 320-0667

---

existence of positive law is not required to enforce a title, however; in such circumstances, the Statutes at Large provide the definitive legal text, rather than the United States Code. *U.S. Nat. Bank of Oregon v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 448 (1993).

10

Rachel.Behrendt@oag.texas.gov

*ATTORNEYS FOR DEFENDANT OFFICE OF THE TEXAS ATTORNEY GENERAL*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on December 21, 2023, via the Court's electronic file manager system to all counsel of record who have appeared to date, and via first class and Certified Mail, Return Receipt Requested to:

Daryl Jerome Gordon                *Plaintiff Pro Se*
Daryl Jerome Gordon Trust
PO Box 2306
Cedar Hill, TX 75106
mrdaryl_80@yahoo.com

CM/RRR#: 9589 0710 5870 0480 2420 10

/s/ Rachel L. Behrendt
**RACHEL L. BEHRENDT**
Assistant Attorney General

11

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARYL JEROME GORDON,<br>*Plaintiff,*<br><br>v.<br><br>TEXAS OFFICE OF THE ATTORNEY<br>GENERAL CHILD SUPPORT DIVISION,<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§  Civil Action No. 3:23-cv-02088-L-BH<br>§<br>§<br>§ |

## AFFIDAVIT OF BONNIE WILLIAMS

BEFORE ME, the undersigned authority, personally appeared BONNIE WILLIAMS, who, being by me duly sworn, deposed as follows:

"My name is Bonnie Williams. I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

I am currently employed by the Office of the Attorney General-Child Support Division as a Lead Administrative Assistant, and I work at the Child Support Office 401 located at 400 South Zang Blvd., Ste 1100, Dallas, Texas. I was so employed on October 23, 2023.

On October 23, 2023, Daryl Jerome Gordon appeared in the office and identified himself. Mr. Gordon advised one of the administrative assistants that he had some papers that were for a lawyer. I was asked if I would handle the situation. I spoke with Mr. Gordon who gave a me a copy of a summons and other documents. Mr. Gordon stated that he was just dropping these off and wanted a copy to be stamped to show that he had delivered them to our office. I stamped his copy and returned it to him. Mr. Gordon left the office, and I forwarded the documents to our legal section.

I am not authorized by my employment or by statute to accept service on behalf of the Office of the Attorney General or on behalf of Attorney General Ken Paxton.

Further, Affiant sayeth naught."

Signed this __14_ day of December, 2023.

BONNIE WILLIAMS
AFFIANT

*Affidavit of Bonnie Williams*                                               EXHIBIT A                           1

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, by _LaTisha A. Joseph_, this 14 day of December 2023, to certify which witness my hand and seal of office.

Notary Public State of Texas
Notary ID #13431233-1
Commission Exp. MAY 05, 2027
Notary without Bond

Notary Public
State of Texas
My Commission Expires:

Affidavit of Bonnie Williams                                    EXHIBIT A        2