IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARYL JEROME GORDON, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:23-CV-2088-L-BK |
| § | |
| TEXAS OFFICE OF THE ATTORNEY § | |
| GENERAL CHILD SUPPORT DIVISION, § | |
| ET AL., § | |
| DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned United States magistrate judge for pretrial management. Before the Court for findings and a recommended disposition is *The Office of the Texas Attorney General's Motion to Dismiss*, Doc. 32. For the reasons stated here, the motion should be **GRANTED**, and this civil action should be dismissed for lack of subject matter jurisdiction.[1]

**I. BACKGROUND**

As alleged the *Amended Complaint for Procedural Violations/Challenging Jurisdiction/and Request for Judicial Review From Article III (Three) Justice*—the operative complaint—Plaintiff, proceeding *pro se*, seeks monetary and non-monetary relief related to the liens on his child support account against various defendants, including the Texas Office of the Attorney General Child Support Division ("OAG"). Doc. 20, *passim*. As the legal basis for such

---

[1] Because the Court lacks subject matter jurisdiction, the parties' remaining arguments are not addressed.

relief, Plaintiff cites a litany of federal statutes, regulations, and constitutional provisions. Doc. 20, *passim*.

The OAG now moves to dismiss all claims against it under Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 32. The OAG argues that the Court lacks subject-matter jurisdiction under Rule 12(b)(1) given the sovereign immunity afforded to Texas (and by extension, the OAG) under the Eleventh Amendment of the United States Constitution. Doc. 32-1 at 8-10. In response, Plaintiff asserts that sovereign immunity is waived with respect to Plaintiff's claims against the OAG under the Federal Tort Claims Act ("FTCA") and the Texas Tort Claims Act ("TTCA"). Doc. 35 at 4-5. The OAG replies that neither statute provides such a waiver here. Doc. 38 at 4.

## II. APPLICABLE LAW AND ANALYSIS

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Dismissal is appropriate when a plaintiff fails to establish subject matter jurisdiction. FED. R. CIV. P. 12(b)(1).

Sovereign immunity, as imparted by the Eleventh Amendment, deprives the court of jurisdiction. *Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 735 (5th Cir. 2020) (citation omitted). "The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002) (citing U.S. CONST. amend. XI). Eleventh Amendment immunity extends to a state agency or political entity that effectively acts as an "alter ego" or an "arm" of the state, such as the OAG. *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688-89 (5th Cir. 2002); *Walker v. Texas, Off. of*

2

*Atty. Gen.*, 217 F. Supp. 2d 776, 779 (E.D. Tex. 2002) (finding that such immunity covers the OAG).

Thus, here, Plaintiff must establish that immunity is waived as to his claims against the OAG in order to proceed. Even under the most liberal construction, however, Plaintiff's FTCA and TTCA claims are barred by sovereign immunity. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers").

The FTCA applies to the federal government, not a state government agency, such as the OAG. *See, e.g.*, *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."). Further, the TTCA waives Texas' sovereign immunity only for non-intentional tort claims in three distinct categories: (1) the use of publicly owned automobiles, (2) premises defects, and (3) injuries arising out of conditions or use of tangible property. TEX. CIV. PRAC. & REM. CODE § 101.021; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225 (Tex. 2004). Plaintiff's claims against the OAG, which arise from his child support obligations, fall outside of all three categories.

## III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). But leave is not required "if the plaintiff has already pleaded his best case." *Id.* Here, Plaintiff has previously been granted leave to amend, and no further amendment can overcome the sovereign immunity bar as to the OAG. Thus, granting additional leave to amend would be futile and only cause needless delay.

## IV. CONCLUSION

For the foregoing reasons, *The Office of the Texas Attorney General's Motion to Dismiss*, Doc. 32, should be **GRANTED**, and Plaintiff's claims against OAG should be **DISMISSED WITHOUT PREJUDICE**. Additionally, Plaintiff's Motion to Note and Enter Default, Doc. 40, which seeks relief only against the OAG, should be **TERMINATED AS MOOT**.

**SO RECOMMENDED** on February 20, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P.72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).