IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DARYL JEROME GORDON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:23-CV-2088-L** |
| | § | |
| **TEXAS OFFICE OF THE ATTORNEY** | § | |
| **GENERAL CHILD SUPPORT DIVISION,** | § | |
| **et al.,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge Renee Toliver ("Report") (Doc. 42) was entered on February 20, 2024, recommending that the court **grant** Defendant The Office of the Texas Attorney General Child Support Division's ("Defendant") Motion to Dismiss (Doc. 32) ("Motion") and **dismiss without prejudice** Plaintiff Daryl Jerome Gordon's ("Plaintiff") claims against it for lack of subject matter jurisdiction. Report 1.

On September 19, 2023, pro se Plaintiff filed this civil action against several state officers, state agencies, public schools, and judges.[1] (Doc. 3). Liberally construing Plaintiff's several pleadings and amendments, Plaintiff brings this action[2] seeking: (1) termination of his child support obligations; (2) removal of all liens connected with his child support account; (3) reimbursement of wages garnished; and (4) a monetary award of "[t]reble [d]amages for time spent

---

[1] The remaining defendants are (1) the Texas Office of the Attorney General Child Support Division, (2) 255th District Court, Dallas County, Texas; (3) The Honorable Syvondia ("Vonda") Bailey, Presiding Judge of the 255th District Court; and (4) Jean Lee, Associate Judge of the 255th District Court. (Doc. 28).

[2] The court is unable to clearly discern which claims Plaintiff is alleging because he merely lists numerous and random federal statutes in his pleadings and fails to provide any supporting facts or identify which Defendant allegedly violated which statute.

**Order – Page 1**

having to defend this frivolous case and emotional distress." Doc. 20 at 25. On December 21, 2023,

Defendant filed its Motion seeking dismissal of Plaintiff's claims pursuant to Federal Rules of

Civil Procedure 12(b)(1) (lack of subject-matter jurisdiction), 12(b)(3) (improper venue), and

12(b)(6) (failure to state a claim upon which relief can be granted). As to its arguments regarding

lack of subject-matter jurisdiction, Defendant argues that the court lacks subject-matter jurisdiction

given the sovereign immunity afforded to Texas (and by extension, Defendant) under the Eleventh

Amendment of the United States Constitution. Doc. 32-1 at 8-10. In response, Plaintiff asserts that

Defendant waived sovereign immunity pursuant to the Federal Tort Claims Act ("FTCA") and the

Texas Tort Claims Act ("TTCA"). Doc. 35 at 4-5. The Report, however, correctly concludes that:

> The FTCA applies to the federal government, not a state government agency, such as [Defendant]. *See, e.g., Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."). Further, the TTCA waives Texas' sovereign immunity only for non-intentional tort claims in three distinct categories: (1) the use of publicly owned automobiles, (2) premises defects, and (3) injuries arising out of conditions or use of tangible property. TEX. CIV. PRAC. & REM. CODE § 101.021; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225 (Tex. 2004). Plaintiff's claims against [Defendant], which arise from his child support obligations, fall outside of all three categories.

Report 3.

On February 27, 2024, Plaintiff filed Objections[3] to the Report arguing that: "The TTCA's

waiver of sovereign immunity in specific instances could be argued to conceptually support [ ]

[P]laintiff's position that state immunity should not be absolute, especially in cases involving

federal constitutional rights, even if the TTCA itself does not apply directly to the case at hand."

Doc. 44 at 2 (citation omitted). Plaintiff's objection to the Report, however, is a policy argument

and not a challenge to the Report's conclusion. Accordingly, Plaintiff's objection is **overruled**.

---

[3] The docket reflects that Plaintiff filed two separate objections to the Report (Docs. 44 and 45); however, these documents are identical.

**Order – Page 2**

The Report also concludes that Plaintiff should not be granted leave to amend his complaint because it would be futile. Report 3. Plaintiff also objects to this conclusion and argues that "leave to amend should be freely given when justice so requires." Doc. 44 at 3 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires," however, is not without limitation. Fed. R. Civ. P. 15(a)(2).

The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman*, 371 U.S. at 182; *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

When a plaintiff has previously amended his pleadings, "[a]t some point, a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986); *see also Schiller*, 342 F.3d at 567 (citation omitted). At the outset of this action, in response to the court's notices of deficiencies, Plaintiff filed several amendments to his complaint in an attempt to cure the identified deficiencies, and the Report relied on the amended pleadings in reaching its decision. As stated in the Report, the court believes that permitting another pleading is an inefficient use of the parties' and the court's resources, causes unnecessary and undue delay, and is futile. Therefore, Plaintiff's objection is **overruled**.

Order – Page 3

Having considered the pleadings, Motion, Report, file, and record, and having conducted a *de novo* review of the portions of the Report to which objections were made, the court determines that the Magistrate Judge's finding and conclusions in the Report are correct, and **accepts** them as those of the court. Therefore, the court **grants** Defendant's Motion and **dismisses without prejudice** Plaintiff's claims against it. Additionally, Plaintiff's Motion to Note and Enter Default against Defendant (Doc. 40) is **denied as moot**. Accordingly, the only remaining Defendants are the 255th District Court, Dallas County, Texas; The Honorable Syvondia ("Vonda") Bailey, Presiding Judge of the 255th District Court; and Jean Lee, Associate Judge of the 255th District Court.

**It is so ordered** this 23rd day of May, 2024.

Sam A. Lindsay
United States District Judge

**Order – Page 4**