IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DARYL JEROME GORDON**, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:23-CV-2088-L-BW** |
| § | |
| **TEXAS OFFICE OF THE** § | |
| **ATTORNEY GENERAL CHILD** § | |
| **SUPPORT DIVISION, et al.**, § | |
| § | |
| Defendants. § | |

## ORDER

On April 4, 2025, the Findings, Conclusions and Recommendation of United States Magistrate Judge Brian McKay ("Report") (Doc. 58) was entered, recommending that the court **dismiss without prejudice** this action filled by Plaintiff Daryl Gordon ("Plaintiff" or "Mr. Gordon") for failure to effect service of process against the remaining named defendants. Plaintiff filed his Objections to Magistrate Judge's Findings, Conclusions, and Recommendation ("Objections") (Doc. 59)

I.  **Factual and Procedural Background**

On September 19, 2023, Mr. Gordon filed this civil action (Doc. 3) alleging various claims against the following Defendants: Texas Office of the Attorney General Child Support Division, 255th District Court, Hon. Syvondia LaShay Bailey, Joie Rivera, Hon. Jean Charlen Lee, Hon. Scott Alan Beauchamp, Hon. Kim Ann Cooks, Hon. Felicia Pitre, Donald Nemec, Lisa E McKnight, Mark Clasby, Ellen Schutz, Stacy Dunlop, Crystal Laree Gayden, Hon. Tamika Jones Abendroth, Benny Chavez Powell, Wayne Sorrels, Hon. Charles Andrew Ten Eyck, Hon. Lori Chrisman Hockett, Krista Balekian Hayes, Rachel Joyce Kellam, Anika Perkins,

Lancaster Independent School District, Maeland Jame, James Rohack, E. Alexander, Lancaster Police Department, Jeffrey Kunzler, Dallas Police Department, Houston Elementary School, Clarissa Singleton, Shakeitha Smith, Golden Rule Charter School - Desoto Campus, Deanna Powers, Dallas County District Attorney's Office, Childrens Hospital Reach Clinic, Dallas Children's Advocacy Center, Dallas County Child Protective Services, Charvin Moore, Phyllicia Bell, Bibiana Guiterrez, Dallas County Domestic Relations Office, Kasheryl Sims, and The Office of the Secretary of State of Health and Human Services.

On November 15, 2023, Mr. Gordon filed an Amendment of Case Parties (Doc. 23). In the filing, Plaintiff voluntarily dismissed without prejudice all Defendants except (1) the Texas Office of The Attorney General, Child Support Division; (2) the 255th District Court, Dallas County, Texas; (3) The Honorable Syvondia ("Vonda") Bailey, Presiding Judge of the 255th District Court; (4) The Honorable Jean Lee, Associate Judge of the 255th District Court; and (5) The Honorable Felicia Pitre, Dallas County District Clerk. Then-Magistrate Judge Irma Ramirez explained correctly in her Order (Doc. 28) that Plaintiff had an absolute right to voluntarily dismiss all but five Defendants pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), which provides that a plaintiff may dismiss his action without a court order by filing a notice of dismissal before the opposing party serves an answer or motion for summary judgment.

On February 20, 2024, Then-United States Magistrate Judge Ramirez entered her Findings, Conclusions, and Recommendation ("Report") (Doc. 42), recommending that the court grant Defendant Texas Office of the Attorney General Child Support Division's ("Defendant") Motion to Dismiss (Doc. 32). The magistrate judge also recommended terminating as moot Mr. Gordon's Motion to Note and Enter Default against Defendant (Doc. 40). Mr. Gordon filed his objections to the Report on February 27, 2024. The court conducted a *de novo* review of the

**Order – Page 2**

portions of the Report to which objections were made and determined that the findings and conclusions in the Report were correct and accepted them as those of the court ("Order") (Doc. 46).

On July 17, 2024, almost two months after the court granted the original motion to dismiss, Mr. Gordon filed his Motion for Reconsideration and Request for Physical hearing, requesting that the court "reconsider its Order dated May 23, 2024, dismissing Plaintiff's claims against Defendant Texas Office of the Attorney General Child Support Division ('Defendant') and denying Plaintiff's Motion to Note and Enter Default against Defendant." Mot. at 1.* On March 26, 2025, the court denied Plaintiff's Motion for Reconsideration and Request for a Physical Hearing (Doc. 47). *See* Doc. 55. On March 18, 2025, Magistrate Judge McKay entered a show cause order, which ordered Plaintiff to explain to the court why this action should not be dismissed for failure to serve Defendants. Doc. 54. On March 31, 2025, Plaintiff filed a response to the show cause order. Doc. 57.

## II.     Report (Doc. 58)

Magistrate Judge McKay found that Plaintiff's allegations that he served Defendants fail for several reasons. Report 6. First, the magistrate determined that the Federal Rules of Civil Procedure do not permit service by certified mail. *Id.* The magistrate judge concluded that while the Federal Rules of Civil Procedure do not permit service by certified mail, the Texas Rules of Civil Procedure permit it; however, neither the Texas Rules of Civil Procedure nor the Federal Rules of Civil Procedure permit a party to personally serve process. *Id.*

Second, he determined that even if service by Plaintiff had been permissible, he served the wrong individual. *Id.* at 7. The magistrate judge determined that if Plaintiff mailed the

---

\* While Mr. Gordon's motion for reconsideration was pending, on September 27, 2024, he filed a Notice of Interlocutory Appeal. Doc 51.  On March 13, 2025, the Fifth Circuit dismissed the appeal for lack of jurisdiction. Doc. 53.

summons to the United States Attorney's office in Dallas, Texas, such service is inappropriate, as none of the defendants are federal agencies, officers, or employees. *Id.* at 7. Third, Magistrate Judge McKay determined that the clerk of court issued summonses in this action 540 days ago, which is well beyond than the 90 days provided in Rule 4(m). *Id.* As a result, the magistrate judge recommends that this action be dismissed without prejudice for failure to comply with Rule 4(m).

### III.    Objections (Doc. 59)

Plaintiff makes six objections to the Report. First, Mr. Gordon argues that the magistrate judge mischaracterizes his efforts to serve Defendants. Doc. 59 at 2. Plaintiff contends that he explicitly cited and filed USPS certified mail receipts, proof of delivery, and affidavits. *Id.* (citing Docs. 24, 25, 30, 31, and 33). Second, Mr. Gordon contends that the magistrate judge incorrectly concluded that serving the United States Attorney's office established that service had not been effected. *Id.* Plaintiff argues that the mailed copies include "mailings directly to the Texas Attorney General, 255th Court, and named state officials," which is an appropriate method of service pursuant to Texas Rule of Civil Procedure 106(a)(2). *Id.*

Third, Mr. Gordon objects to the magistrate judge's finding that he may not serve process on Defendants by mail. *Id.* at 3. Plaintiff states that he "acknowledges this technicality and, in good faith," requested the court authorize service by the United States Marshals. *Id.* Further, he argues that by ignoring this in the Report, the magistrate judge abused his discretion. *Id.* Fourth, Mr. Gordon argues that the magistrate judge incorrectly interpreted Rule 4(i). *Id.* Plaintiff argues that he also served Defendants directly, which is contrary to the magistrate's conclusion. *Id.*

Finally, Mr. Gordon argues that dismissal is disproportionate and prejudicial. *Id.* He contends that dismissal pursuant to Rule 4(m) is discretionary, not mandatory, and when there is

partial service as there is here, the court should deny dismissal and grant additional time. *Id.* at 4. Finally, Plaintiff objects to the magistrate judge's omission of Plaintiff's "invocation of Rule 4(c)(3)." *Id.* Mr. Gordon contends that this is a reversible procedural oversight. *Id.* Further, he argues that if the court finds that service is ineffective, it should authorize the United States Marshals to effect service. *Id.*

Rule 4(j) of the Federal Rules of Civil Procedure establishes the methods of service of process on foreign, state, and local governments:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> > (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> >
> > (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2). As stated above, Rule 4 permits Plaintiff to serve Defendants as permitted under Texas law. Texas Rule of Civil Procedure 106 permits service of process in one of the following ways:

> (1) delivering to the defendant, in person, a true copy of the [summons] with the date of delivery endorsed thereon with a copy of the [complaint] attached thereto, or
>
> (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the [summons] with a copy of the [complaint] attached thereto.

Tex. R. Civ. P. 106(b). Service may be made by: (1) a sheriff or constable or any other person authorized by law; (2) any person authorized by law or by written court order who is 18 years of age or older; or (3) by the Judicial Branch Certification Commission. *See* Tex. R. Civ. P. 103. Rule 103 further states that "[s]ervice by registered or certified mail and citation by publication must, if requested, be made by the clerk of the court in which the case is pending," but **"no**

*person who is a party to or interested in the outcome of a suit* may serve any process in that suit . . . ." *Id.* (emphasis added). "A plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

Plaintiff contends that he mailed copies to the U.S. Attorney and directly mailed copies to the Texas Attorney General; the 255th Court; Hon. Vonda Bailey; Hon. Jean Lee; and Hon. Felcia Pitre. Doc. 59 at 2. Because neither Rule 4 nor Rule 103 permits Plaintiff to serve Defendants personally by mail, his first, second, third, and fourth objections are **overruled**.

As it relates to Plaintiff's fifth objection, Rule 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Rule 4(m) further provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Plaintiff has had several opportunities to serve Defendants and cure deficiencies in his pleadings. *See* Docs. 6, 18, 21, and 55. Plaintiff's Third Amended Complaint was filed on October 5, 2023, which is almost 600 days ago, well beyond the 90 days required by Rule 4. Plaintiff does not show good cause for failure to serve summons on Defendants. Instead, he insists that he served them appropriately. As stated above, Plaintiff has not served summons on Defendants in a manner authorized by the Federal Rule of Civil Procedure or the Texas Rules of Civil Procedure. Because Plaintiff did not serve Defendants by the deadline and he did not show good cause for his failure to serve them, his fifth objection is **overruled**.

As it relates to Plaintiff's sixth objection, Rule 4(c)(3) permits the court to order that "service be made by a United States Marshal or deputy marshal or by a person specially

appointed by the court." This rule only applies "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916." *Id.* Plaintiff does not meet either of these requirements. On September 29, 2023, Plaintiff paid the filing fee and was informed by then-Magistrate Judge Ramirez that he is responsible for serving Defendants with a summons and copy of the complaint. Doc. 21 at 1. Accordingly, Plaintiff's sixth objection is **overruled**.

IV. Conclusion

Having considered the pleadings, the file, Report, and record in this case, and having conducted a *de novo* review of the portions of the Report objected to by Plaintiff, the court **determines** that Magistrate Judge McKay's findings and conclusions in the Report are correct, and **accepts** them as those of the court. The court, therefore, **dismisses without prejudice** this action pursuant to Rule 4(m) as a result of Plaintiff's failure to effect service on Defendants within the time required by Rule 4(m), and in the manner allowed by Rule 4.

All allowable and reasonable costs of court are taxed against Plaintiff Gordon.

**It is so ordered** this 14th day of May, 2025.

_____
Sam A. Lindsay
United States District Judge

Order – Page 7