IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DARYL JEROME GORDON**, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Case No. **3:23-CV-2088-L-BW** |
| **TEXAS OFFICE OF THE ATTORNEY GENERAL CHILD SUPPORT DIVISION,** *et al*., | § § § § | |
| Defendants. | § § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Plaintiff Daryl Jerome Gordon's ("Plaintiff" or "Mr. Gordon") Motions for relief from the judgment ("Motions") (Docs. 62, 65), filed May 29, 2025, and October 29, 2025. Also before the court is Plaintiff's Follow-Up Notice of Continued Good Faith Compliance, filed October 7, 2025. On October 15, 2025, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 64) was entered, recommending that the court deny Plaintiff's Motion for Reconsideration and Request for Service by U.S. Marshals at Plaintiff's Expense (Doc. 62). No objections to the Report were filed by Plaintiff within the 14-day period for filing objections. Plaintiff instead filed a second postjudgment Motion or Motion for Reconsideration and Request for Service by U.S. Marshals at Plaintiff's Expense (Doc. 65). It appears, though, that Plaintiff may have intended the arguments in this Motion to serve as objections to the Report. On April 21, 2026, he also requested the status of his postjudgment Motions (Doc. 66).

For the reasons that follow, the court **accepts (as supplemented by this order)** the Report and **denies** Plaintiff's Motions (Docs. 62, 65) and requests for postjudgment relief under Federal

**Memorandum Opinion and Order – Page 1**

Rules of Civil Procedure 59(e) and 60(b). To the extent Plaintiff's second Motion for Reconsideration and Request for Service by U.S. Marshals at Plaintiff's Expense (Doc. 66) was meant to be objections to the Report, the court **overrules** them for the reasons herein explained. The court also **denies as moot** Plaintiff's request for a status report on his Motions (Doc. 66).

## I.    Discussion

The factual and procedural background of this case is detailed in the Report and prior orders and reports entered by the undersigned and the magistrate judge (Docs. 58, 60, 64) and need not be repeated at length here, except to note that Mr. Gordon seeks reconsideration of the court's prior dismissal of his claims against certain Defendants in this action that were dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). As noted in the Report, Mr. Gordon was warned on more than one occasion that his failure to serve each Defendant within 90 days could result in the dismissal without prejudice of his claims against the unserved Defendants or the Defendants for whom he attempted to serve, but service was determined to be deficient and ineffective. By the time the undersigned dismissed Plaintiff's remaining claims under Rule 4(m), approximately 540 days or more had passed since the clerk of court issued summonses in this case, and the court determined that Plaintiff has not established good cause for his failure to serve Defendants.  *See* Doc. 60 at 4.

In his first Motion (Doc. 62), Plaintiff contends that reconsideration is proper under Rule 59(e). He notes that courts retain discretion under Rule 60(b) "to correct 'mistake[s]" resulting from inadvertence, surprise, or excusable neglect'" and provide relief for "any other reasons that justifies relief."  Doc. 62 at 2.  He contends that dismissal for failure to effect service does not preclude reconsideration or reinstatement when it is possible to cure such failure. *Id.* at 2-3 (citing *Henderson v. United States*, 517 U.S. 654, 658 n.5 (1996)).

Plaintiff asserts that dismissal in this case was not based on the substance or merits of his claims that were dismissed under Rule 4(m), and that his failure to effect service is curable. He further asserts that, although he misunderstood the rules governing service, he attempted in good faith to comply with such rules. Plaintiff, therefore, contends that the court should reassess the dismissal of his claims in light of his pro se status, rather than through a hyper technical lens, and extend his time for effecting service under Rule 4(m). In addition, he requests that the court authorize service by the United States Marshal.

On October 7, 2025, before issuance of the Report, Plaintiff filed a "Follow-Up Notice of Continued Good Faith Compliance and Express Reservation of Rights to Answer Court's Dismiss Order" (Doc. 63).   In this Notice, Plaintiff again requests that the court authorize service by the United States Marshal and asserts that granting this relief would cure the technical basis for the dismissal of his claims against the unserved Defendants. In addition, he asserts that there is a preference for resolving disputes on the merits rather than procedural defaults.   Doc. 63 at 2 (citing *Haines v. Kermer*, 404 U.S. 519 (1972)).

On October 29, 2025, after issuance of the Report, Plaintiff filed his second Motion (Doc. 65), seeking postjudgment relief or reconsideration under Rules 59(e) and 60(b). In this Motion, Plaintiff contends that the court misapplied Rule 4(m) in concluding that he failed to serve Defendants within 90 days because, in a prior filing, he specifically requested service under Rule 4(c)(3) by United States Marshal.   Doc. 65 (citing Doc. 57). Plaintiff further contends that the court overlooked his pending motion seeking service under Rule 4(c)(3) by United States Marshal and failed to acknowledge his multiple good faith efforts in attempting to serve Defendants. As before, he also argues that Defendants will not be prejudiced if he is given another opportunity and extension of time to effect service. He also contends that he was not previously given a sufficient

opportunity to cure. Plaintiff notes that the Fifth Circuit has recognized that procedural dismissals without prejudice operate as dismissals with prejudice when refiling of a claim is time-barred, but he does not identify or contend that any of his claims that were dismissed without prejudice under Rule 4(m) would have been time-barred as of the date of the Judgment in this case was entered (May 14, 2025) if he were required to refile them.

The magistrate judge's Report focused only on whether Plaintiff was entitled to reconsideration or postjudgment relief under Rule 60(b). As indicated, Plaintiff did not file objections to the Report, but even considering Plaintiff's second Motion for Reconsideration as objections to the Report and conducting a de novo review of the portions of the Report that were objected to by him, the court determines that the findings and conclusions of the magistrate judge are correct, and are **accepted** as **supplemented by this order**.

The court **overrules** Plaintiff's objections (Doc. 65) because they are similar to the objections he previously asserted and the court rejected in ruling on the magistrate judge's April 4, 2025 Report (Doc. 58).   *See* Doc. 60. Additionally, the objections do not account for: (1) the unusually long length of time he was given to effect service on Defendants in light of his pro se status before his claims against the unserved Defendants were dismissed under Rule 4(m); or (2) his failure to effect service during this time, despite more than one warning regarding the consequences of his failure to serve Defendants.

"Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure." *Lewis v. Secretary of Pub. Safety & Corr.,* 870 F.3d 365, 369 (5th Cir. 2017). To establish good cause, Mr. Gordon was required to demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not

suffice." *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir. 1985)). Additionally, he was required to "make a showing of good faith and establish 'some reasonable basis for noncompliance within the time specified.'" *Systems Signs Supplies,* 903 F.2d at 1013 (citing *Winters*, 776 F.2d at 1306). Mr. Gordon's ignorance of the law, however, is not good cause for failure to effect service in compliance with the rules. *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). Likewise, Mr. Gordon's *pro se* status did not excuse him from complying with applicable rules of procedure or the consequences of failing to properly effect service. *See Systems Signs Supplies,* 903 F.2d at 1013 (citing *Kersh v. Derozier*, 851 F.2d at 1512).

In *Systems Signs Supplies*, the Fifth Circuit reasoned as follows in concluding that the district court did not err in dismissing the plaintiff's claims under Rule 4(m) despite his pro se status:

> Pro se status does not excuse a litigant's complete failure to effect service. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988). Mr. Castrillon, however, attempted service on the federal defendants more than once within the statutory period and each defendant apparently had actual notice of the suit. Although the actual notice and his efforts, coupled with his pro se status, arguably provide grounds for leniency in considering the technical imperfections of service, see *Winters*, 776 F.2d at 1307 (suggesting mitigating value of actual notice), we find that the district court did not abuse its discretion.

> The Assistant U.S. Attorney, apparently sensitive to the plaintiff's lack of familiarity with procedural rules, advised him nearly one month before the statutory period was to lapse that service was defective. The attorney additionally cited the procedural rules governing service and invited Mr. Castrillon to call with any questions. Instead of looking at the rules more closely or calling the attorney to find out what the problems were, he chose to dispute the validity of service. As Mr. Castrillon had ample notice of a defect, but did not attempt correction within the statutory period, we cannot say that the district court abused its discretion in dismissing the case.

*Systems Signs Supplies,* 903 F.2d at 1013-14.

**Memorandum Opinion and Order – Page 5**

Like the plaintiff in *Systems Signs Supplies*, Mr. Gordon was warned more than once that his claims would be dismissed without prejudice for failure to effect service as required by Rule 4(m), and he was given a copy of Rule 4(m) to ensure his compliance. *See* Doc. 64 at 4. When the magistrate judge explained why Mr. Gordon's attempts at service were deficient and ineffective, he argued that he had served Defendants in accordance with Rule 4(m). *See id*.; *see also* Doc. 60 at 4-5. Thus, he failed to timely serve Defendants despite continuances and having ample notice of the service defects.

Moreover, while he requested additional time to cure such defects, he did not explain how he would cure them. He instead requested, as he does now, that the court authorize service by the United States Marshal. As the court explained in previously denying and overruling a similar request and objection by Plaintiff:

> Rule 4(c)(3) permits the court to order that "service be made by a United States Marshal or deputy marshal or by a person specially appointed by the court." This rule only applies "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916." *Id.* Plaintiff does not meet either of these requirements. On September 29, 2023, Plaintiff paid the filing fee and was informed by then-Magistrate Judge Ramirez that he is responsible for serving Defendants with a summons and copy of the complaint. Doc. 21 at 1.

Doc. 60 at 6-7.

Although Plaintiff sought relief under both Rules 59(e) and 60(b), and the magistrate judge only considered Plaintiff's request for relief under Rule 60(b) in addressing Plaintiff's first Motion (Doc. 62), the court determines that the result is the same under both Rules.

Rule 59(e) "is 'an extraordinary remedy that should be used sparingly.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (citation omitted). While its text "does not specify the available grounds for obtaining such relief," the Fifth Circuit has explained that:

> Rule 59(e) motions "are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence"—not for raising arguments

**Memorandum Opinion and Order – Page 6**

"which could, and should, have been made before the judgment issued." [The Fifth Circuit has] further noted that Rule 59(e) allows a party to alter or amend a judgment when there has been an intervening change in the controlling law.

*Id.* (citations omitted).

Mr. Gordon fails to identify any error of law or fact or intervening change in controlling law, and he has not presented or identified any newly discovered evidence. While his first Motion was filed within the time allowed by Rule 59(e), it raises arguments previously urged by him that were rejected by the court. Accordingly, he has not established his entitlement to extraordinary relief under this Rule.

## II.    Conclusion

Having considered the file, record in this case, and Report,[*] and having conducted a de novo review of the portions of the Report that were objected to by Plaintiff, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them (**as supplemented by this order)** as those of the court. The court, therefore, **denies** Plaintiff's Motions (Docs. 62, 65) and requests for postjudgment relief under Federal Rules of Civil Procedure 59(e) and 60(b). To the extent Plaintiff's second Motion for Reconsideration (Doc. 65) was meant to be objections to the Report, the court **overrules** them for the reasons explained. The court also **denies as moot** Plaintiff's request for a status report on his Motions (Doc. 66).

**The court will accept no further filings on the subject matters herein or previously related matters ruled on by the court. If Plaintiff violates this order in this regard, the court will consider imposing sanctions against him. These statements by the court do not affect**

---

[*] As noted, the Report only addressed Plaintiff's first Motion for Reconsideration (Doc. 62) and Plaintiff's request for relief under Rule 60(b). This order by the undersigned, though, addressed both Motions for Reconsideration (Docs. 62 and 66), Plaintiff's request for relief under Rule 59(e), and any objections he had to the magistrate judge's recommendation that the court should deny his request for relief under Rule 60(b).

**Memorandum Opinion and Order – Page 7**

**Plaintiff's ability to appeal if he believes that the court has incorrectly applied the law.**

**It is so ordered** this 11th day of June, 2026.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 8**